PENHOLLOW v. LAWYERS' TITLE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Term. February 8, 1900.)

ASSIGNMENT—ENFORCEMENT—ACTION AT LAW.

Under Code Civ. Proc. § 449, requiring that actions be brought in the name of the party in interest, and sections 1909, 1910, providing that any claim or demand (with certain exceptions) can be transferred, and the transferee enforce the claim the same as the transferror might have done, plaintiff was entitled to maintain an action at law for a claim against defendant for a part of a month's salary assigned to plaintiff before it was earned by the assignor.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Harry B. Penhollow against the Lawyers' Title Insurance Company of New York. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

The following is the opinion of the municipal court (TIERNEY, J.):

This action is brought by the assignee of the Home Loan Association. It appears by the complaint that the defendant, prior to February 10, 1899, had engaged one Malone to render certain services, for which it was to pay him at the rate of $20 a week; that he earned $80 for the weeks included between February 27 and March 25, 1899; that on February 27, 1899, Malone assigned to the Home Loan Association the salary to be earned by him to the extent of $25, and that the defendant was given notice of the same. This action is brought to recover such $25. The defendant demurs on the ground that this court has no jurisdiction of such a cause of action. The constitution (section 18, art. 6) and the Greater New York charter (section 1351) both deprive this court of any equity jurisdiction. The demurrer is good, unless the plaintiff's claim can be enforced in an action at law. The right of the assignee of a chose in action to enforce his claim has long been a matter of development by statute and decision. We commence with the common-law rule that no chose in action was enforceable by an assignee. Equity thereupon supplied the deficiency by recognizing and enforcing assignments both of things to come into possession as well as things in possession. The common-law rule became modified by recognizing the right to enforcement of a chose in action that had been assigned, but the action had to be brought in the name of the assignor by the assignee under the authority to use the assignor's name for that purpose, implied from the fact of assignment. But in cases where but a part of a claim had been assigned this procedure was inapplicable, and the common law failed to afford a remedy, so equity had still to be resorted to. This inconvenience was removed by the statutory provision that actions should be brought in the name of the real party in interest. Code, § 449. Accompanying this change we have the broad enactment that "any claim or demand can be transferred," with certain exceptions, not material in this connection (Id. § 1910), and that "the transfer thereof passes an interest which the transferee may enforce in his own name as the transferror might have done" (section 1909). By these modifications of the law the technical limitations upon the enforcement of a claim by the assignee have been removed. I do not understand that it is disputed by defendant's counsel that an assignment of a part of an existing indebtedness may be enforced, now, in an action at law, but his contention is that an assignment of an indebtedness to thereafter come due is only effective to operate as an equitable transfer, and can be enforced only by an action in equity. There can be no question that such an assignment was first upheld and enforced in equity, and there are learned opinions in our higher courts demonstrating the reasons why such a transaction should be held good in equity. But my attention has been called to no decision that an assignment of a debt to come due may not now be enforced in an action at law; nor does it seem to me that such a conclusion must follow from the fact that the same result has been reached in actions brought in equity. The language of the opinions are not always reconcilable, but the decisions themselves are not necessarily at variance. A study of the cases cited by the defendant shows that in each there was some reason for the action being brought in equity extraneous to the fact that the assignment in question was of a claim not yet due. Thus, in Field v. Mayor, etc., 6 N. Y. 179, the action was brought while the law still required an action at law to be prosecuted in the name of the original creditor, and, there being several partial assignments, no separate assignee had the right to bring such an action at law. Stover v. Eycleshimer, 42 N. Y. 620, was an action of partition. In Jones v. Mayor, etc., 90 N. Y. 387, the city had retained from the original creditor the amount of the plaintiff's assigned claim, and the character of a trustee had been impressed upon it as to such fund. With such language as that used in the cases where the enforcement of a claim assigned before it is due is spoken of as belonging in equity jurisprudence may be contrasted such a statement as that in Devlin v. Mayor, etc., 63 N. Y. 16: "Expectancies, as well as existing rights of action,

may be assigned, and the rights of the assignees will be protected and enforced at law." I take it that the rule is now settled beyond controversy that a debt or a part of a debt not yet due or owing may be assigned with as full right to enforcement by the assignee as in the case of a debt already due. Brill v. Tuttle, 81 N. Y. 457. The effort of the legislature has been to remove any distinction between the position of a transferee of a claim and the assignor, and to give the widest latitude to the assignability of claims. Most comprehensive language has been employed for this purpose. The tendency of the courts has been to keep pace with this development, and abandon the older distinctions as to the rights of assignees. There being no question of the perfect validity of the assignment set out in the complaint, or of the assignee's right to collect the assigned claim; the claim sought to be enforced being a simple one for wages, of everyday occurrence in this court,—it does not appeal to me as reasonable to hold that the law to-day is such that this little claim cannot be adjudicated on without the formality of a suit in equity in the supreme court, which would and could render only the same money judgment that might be granted here if the assignment were dated a day after the wages were earned instead of a day before. I certainly shall not so decide unless compelled by the decision of a superior court so expressly holding. The demurrer is overruled, and the defendant required to answer.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Parsons, Shepard & Ogden, for appellant.
Paul W. Turner, for respondent.

FREEDMAN, P. J. Judgment affirmed on the opinion rendered by Mr. Justice TIERNEY on the disposition of the demurrer. The case of Morton v. Naylor, 1 Hill, 583, is an authority for the justice's conclusion.

Judgment affirmed, with costs to respondent.

LEVENTRITT, J., concurred. MacLEAN, J., took no part.